# IN THE UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

MICHELE MOLES JEFFERY          §

VS.          §          CIVIL ACTION NO. 5:15cv190

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION          §

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Docket No. 12. Michele Moles Jeffery ("Plaintiff") filed objections to the Report and Recommendation. Docket No. 13. The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

On October 8, 2014, an Administrative Law Judge ("ALJ") issued a partially favorable decision, finding Plaintiff disabled from November 23, 2010, the alleged onset date, through March 31, 2014. For that period, the ALJ determined that Plaintiff's history of left talus (ankle bone) and tibia fractures met the criteria of § 1.03 of 20 CFR Part 404, Subpart P, Appendix 1 (the Listings) (Tr. 19-20, Findings 4-5). The ALJ found Plaintiff was not disabled beginning April 1, 2014, because she no longer satisfied a Listing, and he determined that Plaintiff's medical improvement was related to her ability to work such that she could perform work available in significant numbers in the national economy (Tr. 20-23).

Plaintiff now seeks judicial review in this Court. According to Plaintiff, the evidence shows

Plaintiff continued to meet Listing 1.03 after March 31, 2014. Plaintiff further asserts the ALJ erred in discrediting the opinion of Dr. James Brodsky, Plaintiff's treating orthopedic surgeon, who stated Plaintiff could not return to work and also in finding Plaintiff could perform sedentary work after March 31, 2014.

## REPORT AND RECOMMENDATION

On August 31, 2016, the Magistrate Judge issued a Report and Recommendation, recommending the above-entitled and numbered social security cause of action be affirmed. Docket No. 12. Among other things, the Magistrate Judge found Dr. Brodsky's reports, including his contemporaneous notes from Plaintiff's March 31, 2014 visit, support the ALJ's finding that Plaintiff's disability ended by March 31, 2014. *Id*. at 18. Specifically, Dr. Brodsky's March 31, 2014 report shows Plaintiff was doing quite well overall, with no sign of stress fracture, and Plaintiff's swelling had consistently improved. *Id.* at 8 & 18. The Magistrate Judge found the ALJ gave valid reasons for affording Dr. Brodsky's August 29, 2014 RFC report little weight, noting Dr. Brodsky did not examine Plaintiff in August. Rather, a physician's assistant examined Plaintiff, and she observed that Plaintiff had only a slight antalgic gait. *Id.* at 19-20. The Magistrate Judge concluded substantial evidence supports the ALJ's decision that Plaintiff's disability ended April 1, 2014.

## PLAINTIFF'S OBJECTIONS

Plaintiff objects to the Magistrate Judge's recommendation, asserting the ALJ ignored the opinions of two treating orthopedic physicians, Dr. Brodsky and Dr. McDonough, both of whom found Plaintiff could not return to work. Docket No. 13 at 15. Plaintiff argues the ALJ discredited Dr. Brodsky's August 2014 opinion and failed to give good reasons for doing so. *Id.* at 11. Plaintiff asserts she continued to have chronic pain and swelling after March 31, 2014, and she was still

required to elevate her foot frequently as needed for swelling. *Id*. at 5. Finally, Plaintiff asserts the ALJ's hypothetical to the vocational expert did not include Dr. Brodsky's opinion that Plaintiff would need to elevate her foot every thirty minutes, and this requirement would eliminate any jobs in the national economy. *Id.* at 14-15.

## *DE NOVO* REVIEW

Although Laura Lynn McDonough, PA-C of Orthopedic Associates of Dallas is referred to as Dr. McDonough in the background portion of the Report and Recommendation, the Magistrate Judge makes it clear during her analysis that Ms. McDonough, PA-C examined Plaintiff in August of 2014, not Dr. Brodsky. Docket No. 12 at 19-20. Thus, the ALJ did not ignore the opinions of two treating orthopedic physicians as urged by Plaintiff. One reason why the ALJ discredited Dr. Brodsky's restrictive August 29, 2014 RFC assessment was because Dr. Brodsky had not treated Plaintiff since March of 2014. *Id*. at 19. However, there were other reasons provided by the ALJ.

As noted by the Magistrate Judge, the ALJ pointed out that "Dr. Brodsky did not present objective clinical or laboratory diagnostic findings that support this functional assessment." *Id.* An ALJ has good cause to lower the weight of any opinion where the statements are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). Conclusory opinions that a claimant cannot work do not merit controlling weight and deserve no special significance. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

The ALJ gave valid reasons for affording Dr. Brodsky's August 2014 RFC assessment little weight. The Court further finds, consistent with the Magistrate Judge, that the two reviewing physicians' less restrictive RFC assessments provide additional support for the ALJ's residual

functional capacity assessment, as do Plaintiff's own admitted abilities. *Id*. at 21. Finally, during

Plaintiff's August 2014 visit with Ms. McDonough, she observed that Plaintiff had only a slight

antalgic gait. She instructed Plaintiff to use her boot for ambulation. Docket No. 12 at 20. The

Magistrate Judge found Ms. McDonough's instructions support the ALJ's finding that Plaintiff no

longer satisfied the Listing after March 31, 2014, because Plaintiff could ambulate effectively. The

Court agrees and finds substantial evidence supports the ALJ's decision.

Turning to Plaintiff's last objection, Plaintiff asserts the ALJ's hypothetical was incomplete.

At the hearing, the ALJ included in his hypothetical to the vocational expert a requirement to wear

a foot boot on one foot to ambulate and the ability to elevate one boot under the desk level. The

vocational expert testified the hypothetical claimant could perform unskilled sedentary jobs such as

order clerk, lens inserter, and optical assembler. Docket No. 12 at 22. When Plaintiff's attorney

modified the hypothetical to include a requirement that the elevation be above her heart every thirty

minutes, the vocational expert testified this would eliminate the jobs identified.

However, the ALJ properly discredited Dr. Brodsky's August 2014 opinion that included that

restriction. As noted by the Magistrate Judge, the ALJ stated Dr. Brodsky did not present objective

clinical or laboratory diagnostic findings that support this functional assessment. Having properly

discredited Dr. Brodsky's opinion that included the requirement that Plaintiff elevate her foot every

thirty minutes, the ALJ correctly declined to rely on the vocational expert's response to Plaintiff's

counsel's question containing that unsupported restriction

After reviewing the transcript, the briefs of the parties, and the Report and Recommendation,

the Court finds Plaintiff's objections are without merit. The Court is of the opinion that the findings

and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report

of the United States Magistrate Judge as the findings and conclusions of this Court.  Accordingly,

it is hereby

      **ORDERED** that the above-entitled Social Security action is **AFFIRMED**.

      **So ORDERED and SIGNED this 3rd day of January, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE